IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THURMAN DEJESUS AND VARGA DEJESUS,

    Plaintiff,

                                                          Civil No. 15-CV-00208 MV/SMV

    v.

JOSEPH H. BETRIX,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Joseph Betrix's pending Motion to Dismiss for Lack of Personal Jurisdiction (the Motion) [Doc. 12]. Plaintiffs Thurman DeJesus and Verda DeJesus (the "DeJesuses") responded to the Motion and alternatively moved for a change of venue, [Doc. 16], and Mr. Betrix replied [Doc. 17]. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that Mr. Betrix's Motion will be granted and the DeJesuses' Motion for a change of venue will be denied.

### BACKGROUND

The DeJesuses, residents of New Mexico, allege that on September 6, 2013, Mr. Beatrix rear-ended the DeJesuses' vehicle at a red traffic light in Pasoga Springs, Colorado, and that, upon investigation of the accident scene, Mr. Beatrix verbally threatened and grabbed ahold of Mr. DeJesus. Doc. 1, Compl., at 1–2. Both of the DeJesuses were in the vehicle at the time of the accident. *Id.* The DeJesuses' attorney filed suit on March 11, 2015 and subsequently sought compensation from Mr. Beatrix's insurance adjuster. Opp., at 2–3.

Mr. Beatrix is a resident of Colorado.  Compl., at 1; *see* Opp., at 4.  The DeJesuses have offered no explanation for their alleged damages in excess of §75,000 from their car getting rear-ended or his arms being grabbed.  *See generally* Compl.

## LEGAL STANDARD

"Personal jurisdiction" refers to the Court's power to render a judgment that either commands a party's personal obedience or imposes obligations on a party that will be enforced by other courts.  JAMES M. WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 3:11 (The Rutter Group 2016) (hereinafter "RUTTER") (citing *Burnham v. Sup.Ct.*, 495 US 604, 609–10, (1990)).  Personal jurisdiction is required whenever a judgment is sought that would impose an obligation on a party personally: e.g., a judgment for money damages, or an injunction commanding a party to act or refrain from acting in some manner.  *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 US 694, 711 n.1 (1982) (Justice Powell, concurring).  Judgments regarding personal jurisdiction have no reflection on the underlying merits of the suit.  "Because a court without jurisdiction over the parties cannot render a valid judgment, [the Court] must address Defendants' personal jurisdiction argument before reaching the merits of the case." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998).  The proponent of federal jurisdiction has the burden of proving personal jurisdiction by a preponderance of the evidence.  *See Monge v. RG Petro-Mac. Co.*, 701 F.3d 598, 613 (10th Cir. 2012) ("Because the district court conducted an evidentiary hearing, [the proponent of jurisdiction] was required to show personal jurisdiction by a preponderance of the evidence.").  A Court may dismiss a claim for lack of personal jurisdiction without weighing evidence if the proponent of jurisdiction had not adequately pled facts necessary to make a prima facia showing of jurisdiction.  *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011); *TH Agric. & Nutrition,*

*LLC v. ACE European Gourp Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007).

**DISCUSSION**

    I.    <u>The Motion to Dismiss the Complaint for Lack of Personal Jurisdiction</u>

Federal courts are courts of limited jurisdiction, and may only adjudicate a case or controversy if jurisdiction is authorized by the Constitution and statute. *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 946 (10th Cir. 2014) (citing *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013)). Consequently, the party invoking jurisdiction bears the burden of demonstrating that this Court has the authority to adjudicate the case before it. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("a party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence."). Because the DeJesuses argues they are entitled to more than §75,000 in damages, have asserted only common law causes of action, Compl. at 3, and offered no statement of jurisdiction in their complaint or in subsequent filings, the Court can assume that the DeJesuses intended to assert their claims under the Court's diversity jurisdiction. 28 U.S.C. § 1332; *see Rivera v. Fast Eddie's, Inc.*, 829 F. Supp. 2d 1088, 1090 (D.N.M. 2011) (noting that for a federal district court to have original jurisdiction over a case, it typically involves either "a federal question or diversity of citizenship").

Here, Mr. Beatrix focuses his challenge to the DeJesuses' suit on the Court's lack of personal jurisdiction. Mot. at 1. The Tenth Circuit has stated that "[t]o obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that the jurisdiction is legitimate under the laws of the forum state *and* that the exercise of jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (citation omitted). Because the Tenth Circuit has interpreted the New Mexico state long-arm statute, N.M. Stat. § 38-1-16, to be co-extensive with

3

the Fourteenth Amendment, the Court should focus here on the Fourteenth Amendment test. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) ("Fed. R. Civ. P. 4(k)(1)(A) refers us to the New Mexico long-arm statute, which is coextensive with constitutional limitations imposed by the Due Process Clause.")

Under the Fourteenth Amendment, the Court can assert jurisdiction over an individual or entity if the entity has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 210, 316 (1945) (internal quotes omitted), and an individual or entity "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.*" Hanson v. Denckla*, 357 U.S. 235, 251 (1958).

The Supreme Court has stated that the dual requirements of minimum contacts and personal availment can be satisfied through general or specific personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.15 (1985) ("'Specific' jurisdiction contrasts with 'general' jurisdiction, pursuant to which 'a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contact with the forum'"); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) ("It has been said that when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising 'specific jurisdiction' over the defendant").  Because the DeJesuses have not asserted that any part of the events outlined in their causes of action arises out of or are related to Mr. Betrix's contact with New Mexico, specific jurisdiction does not exist in this case.  Compl., at 1–3.

A.	The Court's General Personal Jurisdiction over Mr. Betrix

The Court also has no general personal jurisdiction over Mr. Betrix.  The fundamental inquiry regarding general jurisdiction is whether Mr. Betrix is "at home" in the forum state. *Daimler AG v. Bauman,* 134 S. Ct. 746 n.20 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853–54 (2011).  A finding that a party is "at home" will only be supported if they have "continuous and systematic" contacts with the forum state or is domiciled in the forum state.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853–54 (2011).  Regardless of whether general or specific personal jurisdiction is asserted, "the [C]ourt must see to it that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"  *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996).

Here, the DeJesuses have offered no facts to support a finding of personal jurisdiction; there are no allegations of any contacts with New Mexico by Mr. Betrix, much less any discussion of the nature or quality of the contacts.  *See* Compl. 1–3; Opp. at 1–5.  Mr. Betrix has asserted, and the DeJesuses has not denied, that the only connection between the subject allegations and the state of New Mexico is that Plaintiffs are New Mexico residents.  Mot., at 6.  The DeJesuses ask that they be granted discovery so that they can discover Mr. Betrix's New Mexico contacts, but here no discovery is available because the DeJesuses have not alleged any New Mexico contacts by Mr. Betrix.  *See* Compl. 1–3; Opp. at 1–5.  Because the DeJesuses have not pled any facts conferring specific jurisdiction on this Court, the Court may dismiss the case on the pleadings without granting discovery.  *TH Agric. & Nutrition, LLC v. ACE European Gourp Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007).

B.     Considerations of Fair Play and Substantial Justice

Even though the DeJesuses have not asserted any contacts between Mr. Betrix and New Mexico, the Court must still consider whether dismissing the motion would offend traditional notions of fair play and substantial justice. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). The DeJesuses assert that it would be unfair to dismiss this case because the statute of limitations in Colorado state court has already expired, leaving the DeJesuses without a proper forum for their complaint. Opp., at 3. This argument fails for two reasons. Fist, the Court applies a balancing test to determine if dismissal would offend traditional notions of fair play and substantial justice, considering the following factors:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

*Trujillo v. Williams*, 465 F.3d 1210, 1221 (10th Cir. 2006). Here, of the five factors, the balance favors Mr. Betrix. Four factors are particularly important: (1) Mr. Betrix lives and works in Colorado such that litigating this case in New Mexico would impose a burden on Mr. Betrix, especially since he had no involvement in any activities in New Mexico related to this lawsuit; (2) the State of New Mexico has an interest in seeing its citizens, the DeJesuses, receive redress for their injury, *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1292–93 (10th Cir. 2007); (3) the DeJesuses are not precluded from bringing their suit elsewhere, Colo. Rev. Stat. § 13-80-101(n); and (4) while the DeJesuses are residents of New Mexico, the accident and the witnesses to the incident are in Colorado. Mot., at 8–9.

The second reason the DeJesuses argument that unfairness would result from the dismissal because the statute of limitations has run in Colorado fails is because it is false. While the general

personal injury statute in Colorado imposes a two-year statute of limitations, Colo. Rev. Stat. § 13-80-102(1)(a), the Colorado statute of limitations for injuries arising out of an automobile accident is three years.  Colo. Rev. Stat. § 13-80-101(n).  Because the alleged incident occurred on September 6, 2013, the statute of limitations has not yet expired on the DeJesuses.  Compl., at 1–2.

    II.    <u>The Motion to Transfer Venue</u>

The DeJesuses requested, should this Court dismiss for lack of personal jurisdiction, that the action be transferred to the United States District Court for the District of Colorado in order to cure the jurisdictional defect.  Opp. at 1.  *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 n.9 (2nd Cir. 2000) ("[W]hether or not venue was proper, lack of personal jurisdiction could be cured by transfer to a district in which personal jurisdiction could be exercised, with the transfer authority derived from either § 1406(a) or § 1404(a).").  However, the Court may, in its discretion, deny such a motion.  *Stanifer v. Brannan*, 564 F.3d 455, 457 (6th Cir. 2009) (affirming discretion to reject such a motion when plaintiff filed in the "nearest federal courthouse" to avoid statute of limitations deadline).  In such cases, instead of transferring the action, the Court may dismiss for lack of personal jurisdiction even if the statute of limitations has run and would bar refiling in another district.  *Stanifer*, 564 F.3d at 457.

Moreover, before granting such a motion, the Court would be required to determine if it had subject matter jurisdiction over the matter at issue.  *Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir. 1965); *see* Rutter at 4:33.  Here, it is likely that no federal court has subject matter jurisdiction over the controversy.  The DeJesuses offered only state common law causes of action against Mr. Betrix, therefore the DeJesuses would need to rely on diversity jurisdiction to get their case into federal court.  *See Compl. 1–3*.  The diversity statute, 28 U.S.C. §1332, contains two

independent criteria, both of which must be met for a federal court to exercise jurisdiction.  *See Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 795 (10th Cir. 2013) ("Diversity jurisdiction, the basis for removal here, exists when the amount in controversy requirement is met and the parties are completely diverse.").   First, the amount in controversy in the action must exceed $75,000.   28 U.S.C. § 1332(a).   Second, the parties must be completely diverse.   This, in turn, requires that "the citizenship of all defendants must be different from the citizenship of all plaintiffs."   *McPhail v. Deere & Co.*, 529 F.3d 947, 950 (10th Cir. 2008).   It appears uncontested that the parties are completely diverse.   Compl. at 1–3; Mot. at 1–10.   However, while, the DeJesuses assert that they have suffered more than $75,000 in damages, they have offered no explanation for how they calculated damages in excess of §75,000 from their car getting rear-ended or Mr. DeJesus's arms being grabbed.  *See generally* Compl.   As such, the Court cannot assure itself that it has jurisdiction over the matter sufficient to warrant a transfer to another federal district court.   *See F & S Const. Co. v. Jensen*, 337 F.2d 160 (10th Cir. 1964) (rejecting federal jurisdiction where the plaintiff could not in good faith meet the amount in controversy requirement).

## CONCLUSION

The DeJesuses have not alleged facts sufficient for the Court to find personal jurisdiction over Mr. Betrix.   Therefore, for the reasons set forth above, the Court lacks personal jurisdiction over Mr. Betrix.   The Court declines to transfer venue to the District of Colorado because it cannot assure itself that jurisdiction would be proper in that venue.

**IT IS THEREFORE FURTHER ORDERED** that Mr. Betrix's Motion to Dismiss [Doc. 12] is granted, and the DeJesuses' Motion to transfer venue [Doc. 16] is denied.

DATED this May 2, 2016.

_____
MARTHA VAZQUEZ
United States District Judge